IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA G. LOPEZ | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TAQUERIA LOS PATRONCITOS, CO. | ) |
| and MELISSA DIAZ, individually, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Maria G. Lopez, by and through her attorneys, Becerra Law Group, LLC, for her Complaint against Taqueria Los Patroncitos, Co. d/b/a E. Patron and Melissa Diaz, individually (herein "Defendant"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay minimum and overtime wages to Plaintiff.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

1

**THE PARTIES**

4. Plaintiff Maria G. Lopez resides and is domiciled in this judicial district.

5. Plaintiff Maria G. Lopez has been employed by Defendants in this judicial district within the past three years. During the course of her employment, Plaintiff handled goods that moved in interstate commerce, including produce, cheese, and detergents.

6. Defendant Taqueria Los Patroncitos Co. is an Illinois corporation doing business within this judicial district. Defendant Taqueria Los Patroncitos Co. is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

7. Defendant Taqueria Los Patroncitos Co. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3 in the three years prior to the filing of this lawsuit.

8. Defendant Melissa Diaz is the President and Secretary of Taqueria Los Patroncitos Co. and is involved in the day-to-day business operation of the corporation. Among other things, Defendant Melissa Diaz has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and she has the authority to participate in decisions regarding employee compensation and capital expenditures.

9. Defendant Melissa Diaz was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

10. Defendant Melissa Diaz resides and is domiciled in this judicial district.

**FACTUAL ALLEGATIONS**

11. Defendants operate a restaurant located at 6832 W. Archer Avenue in Chicago, Illinois and two food trucks.

12. The restaurant and food trucks share employees, food, and supplies.

13. Plaintiff worked for Defendants from June 2016 through March 26, 2017.

14. Plaintiff has hired as a server and performed non-exempt work including, but not limited to, cashiering, waiting tables, sweeping, washing dishes, mopping, cleaning kitchen machinery, preparing beverages, answering phones, and packaging takeout orders.

15. All of the work performed was paid at the same hourly rate -- whether the work was tip generating work or non-tip generating work.

16. Defendants willfully disregarded the tip-credit requirements of the FLSA and IMWL by engaging in conduct including, but not limited to: (i) requiring tipped employees to perform duties outside their tipped occupation, such as washing dishes, sweeping, mopping, and answering phones and (ii) failing to inform tipped employees that a portion of their wages would be paid in tips pursuant to the provisions of the tip-credit wage requirements of the FLSA.

17. Plaintiff was regularly required to work more than 40 hours per week, but was not paid the premium rate of one and one half times her regular rate for all hours worked over 40.

18. For the workweek starting on September 5, 2016 and ending on September 11, 2016, Plaintiff worked all 7 days for a total of 53.5 hours.

19. On September 24, 2016, Defendants issued a check to Plaintiff in the amount of $267.50 for the hours worked from September 5, 2016 through September 11, 2016.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

(Plaintiff hereby realleges and incorporates paragraphs 1 through 19 of this Complaint, as if fully set forth herein.)

20. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff.

21. Plaintiff worked for Defendants and was Defendants' "employee" as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

22. Defendants were Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. During the course of her employment with Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

24. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week in certain workweeks.

25. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, she was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay.

26. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate of pay for time she worked in excess of 40 hours in individual work weeks.

27. Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

28. Other similarly situated employees were not paid overtime wages as required by the FLSA.

29. Defendants' failure and refusal to pay overtime wages for time worked in excess

of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A.    A judgment in the amount of one and one-half times the greater of the state minimum wage rate or Plaintiff's hourly rate for all time Plaintiff worked in excess of 40 hours per week;

    B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

    C.    Reasonable attorneys' fees and costs incurred in filing this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

(Plaintiff hereby realleges and incorporates paragraphs 1 through 29 of this Complaint, as if fully set forth herein.)

30. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

31. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

32. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times her regular hourly rate of pay for time worked in excess of 40 hours per week.

33. Defendants failed to pay Plaintiff one and one-half times her regular hourly rate of pay for time worked in excess of 40 hours per week.

34. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times her regular hourly rate of pay for all time worked in excess of

40 hours per week.

35. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

- A. A judgment in the amount of one and one-half times the greater of Plaintiff's hourly rate or the state mandated minimum wage rate for all time which Plaintiff worked in excess of 40 hours per week;

- B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

- C. Reasonable attorneys' fees and costs incurred in filing this action; and

- D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act – Minimum Wages

(Plaintiff hereby reallege and incorporate paragraphs 1 through 35 of this Complaint, as if fully set forth herein.)

36. This Count arises from Defendants' violation of the FLSA for their failure to pay Plaintiff the federally mandated minimum wages for all time worked.

37. Defendants violated the tip credit provisions of the FLSA because they required Plaintiff and similarly situated individuals to perform non-tip generating work at the same rate as tip generating work and did not inform Plaintiff and similarly situated employees that a portion of their wages were to come from tips.

38. During the course of Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff at the federal minimum wage rate.

39. Plaintiff was entitled to be paid at least the federal minimum wage for all time worked.

40. Defendants' failure to pay the federal minimum wage rate violated the minimum

wage hour provisions of the FLSA.

41. Defendants willfully violated the FLSA by refusing to pay Plaintiff the federally mandated minimum wages for all hours she worked.

42. Other similarly situated employees were not paid the federally mandated minimum wage.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all hours that Plaintiff worked;

B. Liquidated damages in an amount equal to the amount of unpaid minimum wages for which Plaintiff is found to be due and owing;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just

## COUNT IV
### Violation of the Illinois Minimum Wage Law - Minimum Wages

(Plaintiff hereby realleges and incorporates paragraphs 1 through 42 of this Complaint, as if fully set forth herein.)

43. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

44. This count arises from Defendants' violation of the IMWL for Defendant's failure and refusal to pay Plaintiff the state-mandated minimum wage for all time he worked.

45. During the course of her employment with Defendants, Plaintiff was compensated below the Illinois minimum wage.

46. Plaintiff was entitled to be paid at least the Illinois minimum wage for all time worked.

47. Defendants' failure to pay the Illinois minimum wage rate violated the minimum wage hour provisions of the IMWL.

48. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: April 13, 2017  **MARIA G. LOPEZ**

By: _/s/Carlos G. Becerra_
Attorney for Plaintiff

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
Email: cbecerra@law-rb.com